**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ABDUL HAQ (D4),

    Defendant.
_____/

**Case No.24-mc-50208**
Related Case No. 17-20465-D4

Honorable Denise Page Hood

## ORDER REGARDING REQUEST FOR GARNISHMENT HEARING AND CLAIM FOR EXEMPTIONS (ECF No. 8)

**I.    FACTS**

After entering a plea of guilty on one count of Health Care Fraud Conspiracy, 18 U.S.C. § 1349, Defendant Abdul Haq was sentenced on November 15, 2021 to a term of 45 months of imprisonment,[1] followed by two years of supervised release. (Case No. 17-20465-D4, Judgment, PageID.8601-.8603) Haq was ordered to pay $6,927,046.12 in restitution.  *Id.*, PageID.8606.

---

[1] Pursuant to a Stipulation by the parties, the Court entered an Order on January 31, 2024 reducing Haq's term of imprisonment to time served under 18 U.S.C. § 3582(c)(2) based on the retroactive United States Sentencing Guidelines Amendments 821 (Part B) allowing a two-level reduction to certain "zero-point offenders" under USSG § 4C1.1.   ECF Nos. 835, 844.

1

On March 5, 2024, the Government filed Requests for Issuance of Continuing Writs of Garnishment to Bank of America, N.A. and JP Morgan Chase Bank N.A. (Case No. 24-mc-50208, ECF Nos. 1, 2) Haq filed a Request for Hearing on the Garnishment and Claim for Exemptions on July 24, 2024. *Id.*, ECF No. 8.

Haq asserts that $16,249.45 of funds from his Social Security checks has been placed on hold pursuant to the Writ of Garnishment issued. He claims that these funds are exempt from garnishment. The Government responds that Haq has not set forth a valid exemption from garnishment under 28 U.S.C. § 3613. A hearing was held on the matter.

## II.    ANALYSIS

The Mandatory Victim Restitution Act, ("MVRA"), 18 U.S.C. § 3663A makes restitution mandatory for certain crimes including any offense committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The provisions under 18 U.S.C. § 3613 gives the *Government* the authority to enforce a criminal judgment which orders a fine and/or restitution. *Id.* The MVRA expressly states that criminal restitution orders may be enforced against "all property or rights to property." 18 U.S.C. § 3613(a). Section 3613(a) in pertinent part states:

> **(a) Enforcement.–**The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the

Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that–

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

* * *

**(f) Applicability to order of restitution.**–In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution.

18 U.S.C. § 3613(a) and (f). The liability to pay a fine shall terminate 20 years from the entry of judgment or 20 years after the release from imprisonment or upon the death of the individual fined. 18 U.S.C. § 3613(b). Interest and fines for delinquency are governed by 18 U.S.C. § 3612(f). Fines and restitutions are not dischargeable in bankruptcy. 18 U.S.C. § 3613(e).

The Government may use the procedures of the Federal Debt Collection Procedures Act, which include garnishment procedures. 28 U.S.C. § 3205. In order to satisfy a judgment against the debtor—i .e., to collect the restitution owed—28

U.S.C. § 3205(a) allows a court to issue a writ of garnishment for property in the possession of a person other than the debtor in which the debtor has a substantial nonexempt interest. *Id*. at § 3205(a). "An objection to garnishment may only challenge exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection Practices Act.]." *United States v. Taylor,* Case No. 2012 WL 1309861 at *3 (E.D. Mich. Mar. 16, 2012). A debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir.1996).

The "MVRA rests on the recognition that '[i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs.'" *United States v. Novak*, 476 F.3d 1041, 1043 (9th Cir. 2007) (en banc)(quoting S. Rep. No. 104-179, at 18 (1995)). "By its use of the 'all property or rights to property' language, ... Congress has made quite clear that the totality of defendants' assets will be subject to restitution orders." *Id*. at 1046. To ensure that accountability, Section 3613(a) consolidated and strengthened the procedures available to the government for collecting unpaid restitution. *In re Partida*, 862 F.3d 909, 913 (9th Cir. 2017) (citing S. Rep. No. 104-179, at 12). Courts have held that Section 3613 of the MVRA empowers the Government to garnish Social Security benefits. *See,*

*United States v. Swenson*, 971 F.3d 977, 983 (9th Cir. 2020); *United States v Frank*, 8 F.4th 320, 328 (4th Cir. 2021).

Haq argues that *Swenson* is not applicable because the court found that the wife's social security benefits are not subject to garnishment to go toward her husband's restitution obligations. Haq is correct in his statement in that the *Swenson* court held that the wife's social security benefits were not subject to garnishment to pay the husband's restitution obligations because the husband did not have property rights to the wife's benefits. However, the *Swenson* court stated, "[w]e do not doubt that if **Mr. Swenson's** Social Security benefits were at issue, Section 3613(a) would override the SSA's anti-alienation provision as to his benefits, and the government would be able to garnish them." *Swenson*, 971 F.3d at 984. *Swenson* supports the Government's argument that Haq's social security benefits are subject to garnishment.

Haq also argues that *Frank* is not applicable because it involved the defendant's 401(k) account, not social security benefits. *Frank* is instructive in that the court noted that social security benefits have greater protections than ERISA beneifts, such as 401(k) accounts. The *Frank* court noted that "the MVRA's *express inclusion of Social Security Act benefits as property subject to restitution*, see 18 U.S.C. § 3613(a) (providing that the government can garnish "all property"

5

pursuant to criminal restitution orders, "[n]otwithstanding ... section 207 of the Social Security Act"), strongly suggests that ERISA-protected assets likewise are available to the government. *Frank*, 8 F.4th at 328 (italics added). *Frank* also supports the Government's argument that social security benefits are subject to garnishment.

Haq finally argues that because there is no Sixth Circuit precedent as to the statutory interpretation of the MVRA as it applies to social security benefits, this Court can decide that there is ambiguity in the language and find in favor of Haq. Haq asserts that the Government's interpretation should not be given deference under the Supreme Court's case, *Chevron, USA v. NRDC,* 467 U.S. 837 (1984). The Chevron deference applies to a court reviewing an agency's construction of the statute which it administers. *Id.* at 842. The *Chevron* deference is not at issue in this case since the Court is not reviewing a federal agency's construction of a statute which it administers. The issue before the Court is whether the MVRA excludes Social Security benefits from garnishment in order to pay a criminal restitution order.

The Court agrees there is no Sixth Circuit published opinion as to whether the MVRA applies to social security benefits. However, the Court finds persuasive the ruling from the Circuit's opinions above that the MVRA expressly allows

6

garnishment of social security benefits. The MVRA expressly identified the Social Security Act by stating that "[n]otwithstanding any other Federal law *(including section 207 of the Social Security Act)*, a judgment imposing a fine may be enforced against all property or rights to property of the person fined." 18 U.S.C. 3613(a). "The Supreme Court has indicated as a general proposition that statutory 'notwithstanding' clauses broadly sweep aside potentially conflicting laws."). *Novak*, 476 F.3d at 1046. "[B]y making clear that the 'notwithstanding' clause 'includes' the one federal anti-alienation provision that demands explicit statutory override [42 U.S.C. § 407(a)], Congress manifested that § 3613(a) means what it says—that it reaches 'all property or rights to property' not excepted ... including property otherwise covered by federally mandated anti-alienation provisions." *Id*. at 1048 (citation omitted). The Sixth Circuit recently noted that "notwithstanding" means "despite" or "in spite of." *Notwithstanding*, BLACK'S LAW DICTIONARY (11th ed. 2019) (using as an example "notwithstanding the conditions listed above, the landlord can terminate the lease if the tenant defaults"). *Berry v. Experian Info. Sols., Inc.*, ___ F.4th ___, No. 23-1961, 2024 WL 3857936, at *3 (6th Cir. Aug. 19, 2024). The text of Section 3613(a) make clear that, in the event of a conflict where the SSA's anti-alienation provision would otherwise protect a defendant's Social Security benefits from collection, Section 3613(a) empowers the government to

7

garnish those benefits under the MVRA.  Haq has not carried his burden that his Social Security benefits are exempt from garnishment.   The garnishment stands.

### III.  <u>CONCLUSION/ORDER</u>

For the reasons set forth above,

IT IS ORDERED that Defendant Abdul Haq's Request for Hearing about Garnishment is GRANTED, but DENIED as to his Request for Claim of Exemptions **(ECF No. 8).**

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

Dated:   September 18, 2024